FILED

FEB 14 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM R. FLETCHER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHICAGO RAIL LINK, L.L.C., CSX )<br>TRANSPORTATION, INC., CSX )<br>INTERMODAL, INC. and CSX )<br>INTERMODAL TERMINALS, INC., )<br>)<br>Defendants. )<br>) | 06C842<br>JUDGE KENNELLY<br>MAGISTRATE JUDGE LEVIN<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, WILLIAM R. FLETCHER by and through his attorneys, WILLIAM J. MCMAHON and HOEY & FARINA, and for his Complaint against the Defendants, CHICAGO RAIL LINK, L.L.C., CSX TRANSPORTATION, INC., CSX INTERMODAL, INC. and CSX INTERMODAL TERMINALS, INC., states as follows:

1. At all pertinent times, Defendants were and are railroad corporations.

2. At all pertinent times, Defendants did business in Cook County, Illinois.

3. At all pertinent times, Defendants operated railroad systems as common carriers of freight in and through the various states.

4. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq.

5. Defendants owned, and through their agents and employees, managed, maintained and used, as part of their railroad systems, a certain railroad yard in Bedford Park, Illinois.

6. On and before April 7, 2005, Plaintiff was an employee of Defendant, Chicago Rail Link, L.L.C.

7. On April 7, 2005, Plaintiff was loaned to CSX to perform utility man duties for and under the supervision of CSX.

8. On April 7, 2005, Plaintiff was the joint employee of Defendants, Chicago Rail Link, L.L.C. and CSX.

9. That on April 7, 2005, Plaintiff was required by Defendants, in the normal course of his duties, to work in and around Defendants' Bedford Park Yard.

10. At all pertinent times, Plaintiff was performing work for Defendants in connection with or in furtherance of Defendants' business of interstate commerce.

11. It was the continuing duty of Defendants, as employers, at that time and place, to use ordinary care in furnishing Plaintiff with a reasonably safe place to work.

12. On April 7, 2005, Defendants' owned a certain vehicle, 1996 GMC Carryall – Illinois plate # 2985453, VIN# 1GKFK16ROTJ732695.

13. On April 7, 2005, Defendants ordered plaintiff in the course of his job duties to operate this 1996 GMC Carryall, Illinois plate # 2985453, VIN# 1GKFK16ROTJ-732695.

14. On March 28, 2005, this same vehicle was reported to Chicago Rail Link (CRL) by its employees to have a problem with its brakes.

15. On March 28, 2005, this same vehicle was sent by CRL to the Automasters repair shop at 8000 S Harlem Ave to have its brakes repaired, among other maintenance performed.

16. On March 28, 2005 and thereafter, Automasters repair shop was acting as an agent of the defendants when performing repair work on said vehicle.

17. At some point between March 28, 2005 and April 7, 2005, CRL learned from Automasters repair shop that the brake problem of said vehicle involved the brake line from the motor cylinder for the front brakes which were loosened causing brake fluid to leak out.

18. After the April 7, 2005 accident involving plaintiff and said vehicle, CRL had the vehicle re-inspected by the same Automasters where it was discovered that the brake line for the rear brakes of this same vehicle had been loosened and the brake fluid leaked into the engine compartment. After this re-inspection, Automakers told CRL that there was less than one turn left on the fitting attaching the brake line and the master cylinder.

19. In the course of his duties at Defendants' Bedford Park Yard on April 7, 2005 while on duty, Plaintiff applied the brakes of the said vehicle, the brakes of the said vehicle failed again, and Plaintiff's vehicle with plaintiff inside was struck by a semi-truck. Plaintiff was injured in the collision.

20. In violation of their duty, Defendants negligently and carelessly failed to provide Plaintiff with a safe place to work by one or more of the following negligent acts or omissions:

    a) failed to provide a safe place to work;
    b) failed to warn plaintiff of an unsafe condition;
    c) failed to warn plaintiff of a serious defect in its vehicle;
    d) failed to inspect it vehicles;

e)   failed to maintain it vehicles;
f)   failed to secure it vehicles from tampering;
g)   failed to promulgate necessary safety rules;
h)   failed to enforce safety rules; and
i)   was otherwise negligent and careless.

21.  Defendants' failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, the Plaintiff's injuries.

22.  As a consequence, Plaintiff incurred injuries which have caused and will continue to cause him great pain suffering, inconvenience, anguish, and disability. As a further result, Plaintiff has been and, in the future, will be kept from attending to his ordinary affairs and duties and has lost and will continue to lose great gains in wages and benefits which he otherwise would have made and acquired. As a further result, Plaintiff has incurred medical, hospital, and related expenses and is reasonably certain to incur further medical, hospital, and related expenses in the future.

23.  Plaintiff requests trial by jury.

WHEREFORE, Plaintiff WILLIAM R. FLETCHER demands judgment in his favor and against Defendants Chicago Rail Link, L.L.C. CSX Transportation, Inc., CSX Intermodal, Inc. and CSX Intermodal Terminals, Inc., in a sum to be determined by the jury plus the costs of this suit.

Respectfully submitted,

*William J. McMahon*

HOEY & FARINA
542 South Dearborn Street, Suite 200
Chicago, Illinois 60605
(312) 939-1212

4