70006

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM FLETCHER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06 C 00842 |
| v. | ) | |
| | ) | Judge Kennelly |
| CHICAGO RAIL LINK, L.L.C. | ) | |
| Defendant/ Third Pary Plaintiff | ) | |
| Defendant. | ) | |
| v. | ) | |
| | ) | |
| AUTOMASTERS TIRE AND SERVICE | ) | |
| CENTER, | ) | |
| Third Party Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT CRL'S
MOTION IN LIMINE TO EXCLUDE ALLEGATIONS OF
<u>VIOLATIONS OF FEDERAL MOTOR VEHICLE SAFETY STANDARDS</u>**

Now comes the Plaintiff, William Fletcher, by and through his attorneys, William J. McMahon and Hoey & Farina, and for his response to Defendant's Motion in Limine to exclude any evidence or testimony that CRL violated the Federal Motor Vehicle Safety Standards, or other unrelated statutes and regulations:

As a preliminary matter, Defendant CRL's cumulative motions *in limine* exceed the 15 page limit for motions *in limine*. Defendant CRL did not seek leave of court before it committed a violation of the Court's specific rules for preparation of the Final Pretrial Order. As such, Defendant CRL's motion ought to be struck from the record. Notwithstanding this objection, Plaintiff responds as follows:

1. *Motion to exclude any "other unrelated statutes and regulations"*: As a preliminary

matter, defendant does not refer in its motion to, and offers no arguments or cite to any cases regarding, what it means by "other unrelated statutes and regulations." Plaintiff has proffered violations of other statutes and regulations. Therefore, on its face, this part of defendant's motion – reference to "other unrelated statutes and regulations" must be denied as vague and without any merit.

2.   *Motion to exclude evidence FMVSS violations*:

Chicago Rail Link's (CRL's) Motion ignores key, uncontradicted facts and misapprehends the controlling, current rules of law.

### FLETCHER DOES NOT HAVE A FMVSS CLAIM

CRL's assertion that the Federal Motor Vehicle Safety Act (FMVSA) does not intend to create a private cause of action for civil liability is of no moment. A violation of FMVSS is evidence of CRL's negligence *per se* because CRL owes a duty to Fletcher under a theory of liability independent of FMVSS, i.e. the Federal Employers' Liability Act (FELA). In this way, an allegation of a violation of safety statute under the FELA does not create a private right of action under the violated safety statute. **It creates a violation of the FELA.** Simply put, Fletcher does not have a FMVSS claim. Fletcher has a FELA claim. See generally *DeBiasio v. Illinois Cent. R.R.*, 52 F.3d 678, C.A.7 (Ill.), 1995 (Violation of Federal Safety Appliance Act does not create private right of action as employees cause of action is under FELA.)

As correctly described in CRL's Motion on page 2, the FMVSA was enacted "to prescribe motor vehicle safety standards." 49 U.S.C. § 30101; see also 89 P.L. 563; 80 Sta. 718. The violation of this federal safety standard is exactly the type of violation Congress intended to enforce when it passed §53 of the FELA, and when Congress deemed it necessary to expound on

§53 with §54a in the early 1990s, in part to ameliorate arguments like those raised by CRL in this case.

Similarly, the exclusion provision under 49 U.S.C. §30112 cited by CRL in its Motion brief is of no moment to Fletcher's FELA claim. **This provision applies to a private cause of action for civil liability under the FMVSA.** Fletcher is not asserting a FMVSA claim but an FELA claim. See generally *Coffey v. Northeast Illinois Regional Commuter Railroad Corp.*, 479 F.3d 472, (7th Cir. 2007); *McGinn v. Burlington Northern Railroad Co.*, 102 F.3d 295, 298-300 (7th Cir. 1996). In an FELA case, the violation of a statute or regulation automatically constitutes a breach of the employer's duty and negligence per se and will result in liability if the violation contributed in fact to the plaintiff's injury. *45 U.S.C. §53. 45 U.S.C. §54(a). Schmitz v. Canadian Pacific Railway Co.*, 454 F.3d 678, 683 (2006). Unlike typical tort cases, this is true even where the statute or regulation was not designed to protect against the particular type of harm that the plaintiff suffered. *Schmitz*, 454 F.3d at 682-83 (citing *Kernan v. American Dredging Co.*, 355 U.S. 426 (1958)).

While it may be that only a lawyer could attempt to argue that the Federal Motor Vehicle Safety Standards are not safety standards, it is instructive to look at the operation of other federal safety laws that incorporate the FMVSS as federal safety standards. The Federal Motor Carrier Safety Administration (FMCSA) enacted Federal Motor Carrier Safety Standards (FMCSS). In these safety standards, the FMCSA incorporated the same FMVSS No. 105 that Fletcher alleges was violated on April 7, 2005.

§393.40 Required brake systems.

(a) Each commercial motor vehicle must have brakes adequate to stop and hold the vehicle or combination of motor vehicles. Each commercial motor vehicle must meet the

3

applicable service, parking, and emergency brake system requirements provided in this section.

(b) Service brakes. (1) Hydraulic brake systems. Motor vehicles equipped with hydraulic brake systems and manufactured on or after September 2, 1983, must, at a minimum, have a service brake system that meets the requirements of FMVSS No. 105 in effect on the date of manufacture. Motor vehicles which were not subject to FMVSS No. 105 on the date of manufacture must have a service brake system that meets the applicable requirements of §§393.42, 393.48, 393.49, 393.51, and 393.52 of this subpart.

> *70 FR 48048, Part 393: Parts and Accessories Necessary for Safe Operation, Subpart C – Brakes, Section 40: Required Brake Systems, Subparagraphs (a) and (b) Service Brakes (1) Hydraulic brake systems.*

The FMCSS – the safety standards for commercial vehicles and commercial vehicle operators and employees – are not barred from using the FMVSS as safety standards for commercial vehicles. In the same way, the FELA -- by operation of §53 and §54a -- incorporates the same safety standards that are incorporated under FMCSS. Clearly, the FMVSS are safety standards as intended under the plain language of the §53 and §54a. Moreover, the safety statutes under the section of the Federal Employers' Liability Act [45 U.S.C. §53] providing that an employee shall not be held to have been guilty of contributory negligence where violation of a statute by carrier *contributed* to injury or death of employee, are not limited to the particular statutes contemplated by Congress at the time the Act was enacted; rather, violation of any statute will have this effect. *Pratico v. Portland Terminal Co.*, C.A.1 (Me.) 1985, 783 F.2d 255. The Sixth Circuit, like the Fifth, has agreed that a violation of a federal safety regulation in cases governed by federal law constitutes negligence per se. See *Ellis v. Chase Communications, Inc.*, 63 F.3d 473, 477-78 (6th Cir.1995); id. at 482-83 (Wellford, J., concurring), 63 F.3d at 477;

4

*Rabon v. Automatic Fasteners, Inc.* 672 F.2d 1231 at 1238 (Although OSHA creates no private right of action, a violation of an OSHA regulation is evidence of negligence or, in appropriate circumstances, negligence per se.), *Teal v. E.I. DuPont de Nemours & Co.*, 728 F.2d 799 (6th Cir.1984) (holding a breach of OSHA's specific duty clause is negligence per se only if the party injured is a member of the class of persons OSHA was intended to protect).

The proper question is not whether Fletcher has a FMVSS claim – which has neither been alleged or maintained in Fletcher's FELA claim -- but whether the Federal Motor Vehicle Safety Standards are federal safety standards under §53 and §54a. Under the plain language of the statute, the safety regulations enacted pursuant to the FMVSS are safety regulations applicable to railroad employees by operation of §53 and §54a in the identical fashion as the FMVSS are safety regulations for motor carrier employees by operation of 70 FR 48048.

Since CRL does not deny that its vehicle did not have operable brakes in violation of FMVSS required by DOT safety regulations and this fact contributed, **at least in part**, to causing the accident that injured Fletcher, § 53 of the FELA precludes a reduction in damages based on alleged contributory fault of Fletcher.

CRL's intent with its motion is to avoid the broad remedial language of §53 and the protections offered to railroad workers by the broad reference to safety regulations, standards, and regulations outlined in §54a. Section 53 is not limited by §54a, but enlarged by §54a. Nonrailroad safety statutes -- including FMVSS regulations -- are safety standards under the FELA. *Williams v. Metra*, 2002 WL 1433724 (N.D. Il.) Moreover, current law holds that safety standards under §§53 & 54a are not limited to the particular statutes contemplated by Congress at the time the Act was enacted; rather, violation of **any** statute or standard will have this effect.

5

*Pratico v. Portland Terminal Co.*, C.A.1 (Me.) 1985, 783 F.2d 255. The Sixth Circuit, like the Fifth, has agreed that a violation of a federal safety regulation in cases governed by federal law constitutes negligence per se. See *Ellis v. Chase Communications, Inc.*, 63 F.3d 473, 477-78 (6th Cir.1995); id. at 482-83 (Wellford, J., concurring), 63 F.3d at 477; *Rabon v. Automatic Fasteners, Inc.* 672 F.2d 1231 at 1238 (Although OSHA creates no private right of action, a violation of an OSHA regulation is evidence of negligence or, in appropriate circumstances, negligence per se.), *Teal v. E.I. DuPont de Nemours & Co.*, 728 F.2d 799 (6th Cir.1984) (holding a breach of OSHA's specific duty clause is negligence per se only if the party injured is a member of the class of persons OSHA was intended to protect). Furthermore, the enactment of §54a in 1994 was to further explicate the broad remedial policy of the FELA, not to limit the FELA. See generally *Schmitz v. Canadian Pacific Railway Co.*, 2006 WL 3488846 (E.D.Wis.) (violation of railroad internal safety rule held to be negligence per se under the FELA.)

Fletcher will present evidence at trial of the Railroad's negligence per se (based on its admitted violation of FMVSS, DOT and ICC regulations), thereby establishing that CRL's violation of these safety regulations was **a cause** of the resulting accident.

**WHEREFORE**, the Plaintiff William Fletcher, prays that this Honorable Court deny the Defendant's Motion to exclude evidence of Defendant CRL's violation of FMVSS.

    Respectfully submitted,

    William Fletcher

By:   s/William J. McMahon
       William J. McMahon, Attorney for Plaintiff

HOEY & FARINA
542 South Dearborn Street, Suite 200
Chicago, IL 60605
(312) 939-1212

## CERTIFICATE OF SERVICE

  William J. McMahon, an attorney, hereby certifies that a true and correct copy of the above and foregoing document was properly forwarded to all counsel of record as listed below by:

  ____ United States Mail, postage prepaid and sealed;

  ____ United States Certified Mail, postage prepaid, return receipt requested;

  ____ Hand Delivery;

  ____ UPS/Next Day Air;

  ____ Facsimile Transmittal; and/or

  __x__ Electronic Filing

on this 11th day of July, 2007.

| | |
|---|---|
| Daniel Mohan<br>Daley & Mohan<br>150 North Wacker Drive<br>Suite 1550<br>Chicago, IL 60606 | John W. Grove<br>Maisel & Associates<br>200 North LaSalle Street<br>Suite 2000<br>Chicago, IL 60601 |

           s/William J. McMahon
           Attorney for Plaintiff

HOEY & FARINA, P.C.
Attorneys for Plaintiff
542 South Dearborn Street
Suite 200
Chicago, Illinois 60605
312/939-1212