IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM R. FLETCHER, | ) | |
| Plaintiff, | ) | Case No.: 06 C 00842 |
| v. | ) | |
| | ) | Judge Kennelly |
| CHICAGO RAIL LINK, L.L.C., | ) | |
| Defendant/Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AUTOMASTERS TIRE AND SERVICE CENTER, | ) | |
| Third Party Defendant. | ) | |

**DEFENDANT'S MEMORANDUM AND MOTION FOR JUDGMENT
AS A MATTER OF LAW ON PLAINTIFF'S RES IPSA LOQUITOR CLAIM**

Defendant, CHICAGO RAIL LINK, L.L.C. ("CRL"), by and through its attorneys, Daley & Mohan, P.C., hereby submits the following memorandum and moves this Court pursuant to FRCP Rule 50 for judgment as a matter of law on Plaintiff's claim for a finding of negligence res ipsa loquitor. In support thereof, CRL states as follows:

**INTRODUCTION**

Plaintiff has alleged, and now requests a jury instruction, that CRL should be found liable to Plaintiff by a theory of res ipsa loquitor, that absent any actual evidence of negligence, the jury should infer that CRL was negligent by virtue that the Plaintiff was injured while driving their vehicle. However, the evidence presented at trial plainly negates at least two of the essential elements of a res ipsa claim – that CRL had exclusive control of its vehicle, and that the Plaintiff's own negligence was not a cause of his injuries. For the reasons that follow, CRL is entitled to judgment on the claim of res ipsa negligence as a matter of law.

# ARGUMENT

The Supreme Court has liberally construed the FELA in order to promote the remedial goal of allowing recovery for injuries and death of railroad workers, in recognition of the physical dangers of such work. Robinson v. Burlington Northern Railroad Co., 131 F.3d 648, 651 (7th Cir. 1997). Nevertheless, the Court has made it clear that the statute does not turn a railroad into the workers' insurer. "The basis of [the employer's] liability is his negligence, not the fact that injuries occur." Id. at 651, quoting Ellis v. Union Pacific Railroad Co., 329 U.S. 649, 653 (1947).

The Supreme Court has set forth the standards for invoking a res ipsa loquitor claim in a FELA action in Jesionowski v. Boston & Maine Railroad:

> "When a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as in the ordinary course of things does not occur if the one having control uses proper care, it affords reasonable evidence, in the absence of an explanation, that the injury arose from the defendant's want of care."

Robinson, 131 F.3d at 652, quoting Jesionowski, 329 U.S. 452 (1947). A key element to the doctrine of res ipsa is the exclusive control of the defendant. As the Court in Robinson stated:

> "An approach that recurs in the case law of the circuits is the Fourth Circuit's formulation requiring the satisfaction of three conditions:
>
> "(1) the injury for which the plaintiff seeks recovery must be of a kind that ordinarily does not occur in the absence of negligence; (2) the injury must have been caused by some agency or instrumentality within the exclusive control of the defendant; and (3) the injury must not have been due to any contribution or voluntary activity on the part of the plaintiff." *Stillman v. Norfolk & W. Ry.*, 811 F.2d 834, 836-37 (4th Cir. 1987).
>
> Another formulation of the FELA res ipsa requirement articulated by the federal courts is based on the Restatement (Second) of Torts:
>
> "[A]n inference of causation based on the res ipsa loquitur doctrine requires that (1) the event be of a kind which ordinarily does not occur in the absence of negligence, (2) other responsible causes, including conduct

of the plaintiff and third persons, are sufficiently eliminated by the
evidence, and (3) the indicated negligence is within the scope of the
defendant's duty to the plaintiff.'"

Robinson, 131 F.3d at 652.

### A. CRL did not have exclusive control of the Suburban prior to Plaintiff's collision.

Here, Plaintiff's complaint alleges, and the evidence supports, that the brake failure that Plaintiff claims caused the accident resulted from illegal tampering by an unknown person. It cannot be reasonably inferred, and no evidence has been presented, that such unknown person was an agent of Defendant or that such unknown person was acting within the scope of his or her agency on behalf of CRL while sabotaging the brakes. Certainly, if an unknown person loosened the brake lines of the truck, that person, not CRL, was "in control" of the vehicle at that time for the purpose of sabotaging the safety of the truck.

In addition, the evidence has established that Automasters was charged with, and did undertake, the repair of the vehicle, specifically its brakes, some 10 days prior to Plaintiff's collision. There was testimony from Justin Moon, and other CRL employees, that it relied on Automasters and other automotive repair shops for the repair and maintenance of its vehicles. As Automasters had control of CRL's Suburban, and specifically the repair of its brakes some 10 days earlier, certainly it cannot be established that CRL had exclusive control of the Suburban.

Moreover, Plaintiff took control of the truck when he started his shift and inspected the truck's braking system, noting that the brakes worked properly. To the extent Plaintiff either failed to inspect the brakes as claimed or failed to detect their sabotage before the accident, Plaintiff, and not CRL, were "in control."

The crux of the theory of res ipsa loquitor is that it is used to infer a defendant's **negligence** where the defendant has exclusive control and no other explanation is tenable for the

cause of the accident other than the defendant's negligence. Res ipsa does not apply where an intentional criminal act by a party other than the defendant causes an accident during a time when the vehicle is within the control of the Plaintiff. See Johnson v. American Airlines, 834 F.2d 721, 724 (9th Cir. 1987); Kicklighter v. Nails by Jannee, Inc., 616 F.2d 734, 739 (5th Cir. 1980); Wallace v. Knapp-Monarch Co., 234 F.2d 853, 858 (8th Cir. 1956); Woods v. Wills, 400 F. Supp. 2d 1145, 1171-72 (E.D.Mo. 2005).

Not only does Plaintiff's own Amended Complaint allege that the brake lines were tampered with on the automobile Plaintiff operated at the time of the accident, Mr. Arruda's uncontroverted testimony shows conclusively, as Mr. Zaba's and Mr. Jurewicz's testimony support, that the loosened brake fittings discovered by Automasters immediately after the accident on April 7, 2005 were the result of an intentional act. The loosening of the brake fitting(s) was not a negligent act at all, and Plaintiff cannot identify any evidence indicating CRL or any of its employees loosened the brake lines. Thus, res ipsa loquitor cannot be used to infer that CRL committed a negligent act resulting in the accident. Res ipsa simply does not apply to the facts of this case.

**B. As Plaintiff's own negligence was likely a cause of the collision, a res ipsa instruction is not warranted.**

In Robinson the Seventh Circuit Court of Appeals held that that Plaintiff was not entitled to have the jury consider her allegations of res ipsa since there was evidence which would permit a jury to conclude that her injury was due to negligence on her part and that the railroad was not negligent. The Court declared clearly that res ipsa does not apply when the accident could have occurred in the absence of the defendant's negligence. Id., 131 F.3d at 652.

The testimony of Timothy Powell, the driver of the truck that Plaintiff collided with, will establish that the Plaintiff was negligent in his failure to swerve to avoid the accident with Mr.

Powell's semi-truck.  Further, Joseph Arruda, CRL's automotive expert, as well as Steven Jurewicz and Michael Zaba, former Automasters' employees, have suggested that Plaintiff was negligent in failing to use his emergency brake or take other evasive actions in attempting to avoid the collision.  Moreover, the evidence has shown that the Plaintiff either failed to properly inspect the vehicle as was required of him, or was driving around the railyard with inoperable brakes.  Either situation results in a finding of negligence on behalf of the Plaintiff himself.  Unable to meet the requirements of absence of the Plaintiff's own negligence, it is not proper to instruct the jury on Plaintiff's res ipsa claim.

## **CONCLUSION**

The intentional criminal act of a third person negates the application of the theory of res ipsa loquitor, since it eliminates the possiblility that defendant had exclusive control of the vehicle or that in the ordinary course of things the accident would not happen but for defendant's negligence.  Res ipsa is inapplicable to the matter at bar under the facts alleged by Plaintiff.  Defendant, CRL, is entitled to judgment as a matter of law.

WHEREFORE, Defendant, CHICAGO RAIL LINK, L.L.C., respectfully requests that this Court enter judgment in its favor and against Plaintiff on Plaintiff's res ipsa loquitor negligence claim, and grant CRL such other relief as this Court deems just and proper.

    Respectfully Submitted,
    CHICAGO RAIL LINK, L.L.C.

    s/ Kevin W. Baldwin
    By One of Its Attorneys

Daniel J. Mohan 6187721
Kevin W. Baldwin 6277070
Daley & Mohan, P.C.
Attorneys for Defendants
150 North Wacker Drive Suite 1550
Chicago, Illinois 60606-1656
312-422-9999

# **CERTIFICATE OF SERVICE**

  I, Kevin W. Baldwin, an attorney, hereby certify that I caused the foregoing Defendant's Memorandum and Motion for Judgment as a Matter of Law on Plaintiff's Res Ipsa Loquitor Claim to be served on the attorneys of record and/or parties listed below via electronic filing using CM/ECF, or via U.S. Mail, proper postage prepaid, as indicated:

    William J. McMahon
    Hoey & Farina
    542 South Dearborn Street, Suite 200
    Chicago, IL 60605
    Attorney for Plaintiff
    (via electronic service)

    John W. Grove
    Maisel & Associates
    200 North LaSalle Street, Suite 200
    Chicago, IL 60601
    Attorney for Automasters Tire & Service Center
    (via electronic service)

on August 7, 2007.

                s/ Kevin W. Baldwin
                Kevin W. Baldwin
                Attorney for Defendants

Daniel J. Mohan 6187721
Kevin W. Baldwin 6277070
Daley & Mohan, P.C.
Attorneys for Defendants
150 North Wacker Drive Suite 1550
Chicago, Illinois 60606-1656
312-422-9999
312-201-9368 Fax