**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WILLIAM R. FLETCHER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 06 C 842 |
| CHICAGO RAIL LINK, LLC, | ) ) ) |
| Defendant, | ) |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

William Fletcher sued Chicago Rail Link, LLC and prevailed at trial. Fletcher has petitioned for an award of costs in the amount of $32,414.44 pursuant to Federal Rule of Civil Procedure 54(d). CRL has objected to certain aspects of Fletcher's petition. For the reasons stated below, the Court awards Fletcher costs in the amount of $11,713.85.

**Discussion**

Under Rule 54(d)(1), a prevailing party is entitled to recover "[c]osts other than attorneys' fees . . . as of course." Fed. R. Civ. P. 54(d)(1). Among the costs a court may tax are "(1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920. The Court presumes that the prevailing party is entitled to costs, and "the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley*

*Trust Co.,* 411 F.3d 854, 864 (7th Cir. 2005).

1. **Court reporter fees**

   a. **Deposition transcripts**

Deposition transcripts are recoverable only if they were "necessarily obtained for use in the case." 28 U.S.C. §1920. Each deposition listed in Fletcher's bill of costs was used at trial. It is therefore reasonably necessary that Fletcher would need copies of these witnesses' depositions in order to prepare for trial.

Under Local Rule 54.1(b), however, "the cost of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at that time." N.D. Ill. LR 54.1(d). The rate in effect at the time of the trial in this case was $3.30. CRL argues that some per-page rates exceed the regular copy rate. The court agrees and reduces those rates exceeding the regular copy rate to the rate established by the Judicial Conference. Some of the transcripts were "copies"—that is, not the original or first copy of the deposition transcript—for which the Judicial Conference has established a separate, lower rate. However, Local Rule 54.1 allows for recovery of the full charge, so long as it does not exceed the highest maximum rate as established by the Judicial Conference.

In addition, as this Court has ruled in other cases, the court reporter's "appearance fee" may be taxed as costs only to the extent that the fee, when added to the per-page rate charged for the deposition transcript, does not make the total charge per page exceed the page rate established by the Judicial Conference. *See, e.g., Higbee v. Sentry Ins. Co.*, No. 97 C 1349, 2004 WL 1323633, at *2 (N.D. Ill. June 11, 2004); *Rogers v. City of Chicago*, No. 00 C 2227, 2002 WL 423723, at *3 (N.D. Ill. Mar. 15, 2002) (Leinenweber, J.). The

Court has deducted from Fletcher's request all appearance fees to the extent they make the total per-page charge exceed $3.30.

Costs associated with delivery, shipping, or handling transcripts are ordinary business expenses and likewise are not recoverable. *See, e.g., Harkins v. Riverboat Services, Inc.,* 286 F. Supp. 2d 976, 981 (N.D. Ill. 2003). Finally, fees charged by court reporters for extra, electronic copies of deposition transcripts are, unless a party shows otherwise, considered to have been obtained for counsel's convenience. *See, e.g., Engate, Inc. v. Esquire Deposition Servs. LLC*, Case No. 01 C 6204, 2006 WL 695650, at *1 (N.D. Ill. Mar. 13, 2006). Because Fletcher has failed to show that it was reasonably necessary for him to obtain an electronic version of the transcript of the Sass deposition, the expense is disallowed.

The chart below reflects the adjusted award relating to deposition expenses.

| Date | Deponent | Pages | Rate Claimed | Amount Allowed |
|---|---|---|---|---|
| 2/9/07 | Bradshaw | 70 | 3.35 | $231.00 |
| 8/31/06 | Leahy | 43 | 3.30 | $141.90 |
| 5/9/07 | | 31 | 4.35 (reduced to 3.30) | $102.30 |
| 8/31/06 | Earl | 72 | 3.30 | $237.60 |
| 8/31/06 | Resch | 91 | 3.30 | $300.30 |
| 9/15/06 | Zaba | 93 | 2.30 | $213.90 |
| 8/29/06 | Jurewicz | 86 | 2.30 | $197.80 |
| | | | 47 exhibits at .25/page | $11.75 |
| 2/1/07 | Moon | 124 | 3.30 | $409.20 |
| 11/28/06 | Sass | 59 | 2.20 | $129.80 |
| | | | 5 exhibits at .25/page | $1.25 |
| 11/17/06 | Goyer | 37 | 2.30 | $85.10 |
| | | | 6 exhibits at .25/page | $1.50 |
| 11/17/06 | McInerney | 35 | 2.30 | $80.50 |
| | | | 8 exhibits at .25/page | $2.00 |
| 4/26/07 | Arruda | 90 | 6.95 (reduced to 3.30) | $297.00 |
| 4/17/07 | Cole | 88 | 3.60 (reduced to 3.30) | $290.40 |
| 7/24/07 | | 75 | 2.50 | $187.50 |

| 5/9/07 | Fletcher | 49 | 2.45 | $120.05 |
|---|---|---|---|---|
| 10/16/06 | Powell | 61 | 2.40 | $146.40 |
| | | | 5 exhibits at .25/page | $1.25 |
| 3/30/07 | Bose | 88 | 4.40 (reduced to 3.30) | $290.40 |
| 4/9/07 | Cordray | 111 | 2.35 | $260.85 |
| | | | 5 exhibits at .25/page | $12.75 |
| 10/26/06 | Baier | 90 | 2.30 | $207.00 |
| | | | 11 exhibits at .25/page | $2.75 |
| TOTAL | | | | $3,962.25 |

**b.     Trial Transcript**

CRL objects to Fletcher's request for reimbursement of the expense of obtaining a "daily" copy of the trial transcript, arguing that he has not justified reimbursement at the higher daily rate as opposed to the somewhat lower rate for regular delivery. Fletcher argues the transcripts were necessary during the trial and to respond to CRL's post-trial motion and thus contends the daily rate is appropriate. Fletcher does not, however, elaborate on the need for daily transcripts at trial; for example, he does not suggest that his counsel needed the transcripts to question particular witnesses about the testimony of other witnesses.

The Court agrees with Fletcher that he has shown a reasonable necessity to obtain the trial transcript for use in responding to CRL's post-trial motion; his counsel cited the transcript numerous times in his response to that motion. Though Fletcher did not need a "daily" copy of the transcript for that purpose, as a practical matter regular delivery would not have been quick enough. The Court finds that it was reasonably necessary for Fletcher to obtain the transcript at the "expedited" copy rate of $4.40 per page, for a total of $6,014.80.

**2.     Fees relating to Fletcher's experts**

Chicago Rail Link objects to reimbursement for the fees charged by expert

4

witnesses for their preparation and testimony. It is well settled that expert fees are not properly taxed as costs. *Chicago College of Osteopathic Medicine v. George A. Fuller Co.*, 801 F.2d 908, 909-10 (7th Cir. 1986). The governing statute, 28 U.S.C. §1821, authorizes only payment of a witness fee of $40 for each day of trial on which the witness testifies, as well as expenses for travel and subsistence. Fletcher argues that although the "general rule" is not to tax such expenses as costs, *Henkel v. Chicago St. P., M. & O. Ry. Co.*, 284 U.S. 444, 446 (1932), courts nonetheless have discretion to allow expert witness fees when the expert witness testimony is crucial to the party's case at trial, *see Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 232 (1964) (noting that inclusion of the phrase "unless the court otherwise directs" in Fed. R. Civ. P. 54(d) vests some discretion in the courts as to which costs may be awarded).

In support of his argument that the Court should award expert fees, Fletcher cites *Sanchez v. Schwartz*, 688 F.2d 503 (7th Cir. 1982), and *Boggess v. Hogan*, 410 F. Supp. 477 (N.D. Ill. 1976). In each of these cases, however, the court refused to tax expert fees as costs and merely stated that expert fees may be allowed in exceptional circumstances, Fletcher provides no reason justifying a conclusion that this case is so exceptional that the general rule should be abandoned.

Fletcher submitted travel expenses for his expert Dr. Cordray in the amount of $300.54. Travel expenses for Dr. Cohen in the amount of $677.39 are listed on the invoice to Fletcher's counsel for Dr. Cohen's services, but Fletcher did not list those expenses in his bill of costs. The Court believes this was an oversight and will allow the travel costs in the amount of $677.39 for Dr. Cohen.

Finally, because Fletcher did not submit any information regarding travel

5

expenses for Dr. Gates, no such expenses may be taxed as costs. The Court will allow only $40 for the single day on which Dr. Gates testified.

The chart below reflects the allowable costs in this category.

| Expert | Travel Expenses | Days of Testimony (x $40/day) | Amount Allowed |
| --- | --- | --- | --- |
| Gates | $0 | $40 | $40 |
| Cordray | $300.54 | $40 | $340.54 |
| Cohen | $677.39 | $40 | $717.39 |
| TOTAL | | | $1,097.93 |

3. **Fees relating to CRL's experts**

CRL objects to Fletcher's request to recover the hourly fees paid to the defense experts for attendance at their depositions. Fletcher makes the same argument as to CRL's experts that he does in support of fees paid to his own experts. As the Court declined to award expert fees to Fletcher's experts, and in view of the absence of any citation to any other authority supporting this request, the Court similarly declines to award the hourly fees paid to the defense experts.

CRL further argues that counsel's expenses for traveling to California to take Dr. Arruda's deposition are not a recoverable cost under 28 U.S.C. §1920. *Keifel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1170 (7th Cir. 1968). Fletcher failed to address this argument in his response and thus has effectively conceded the point. The Court agrees with CLR and disallows Fletcher's request to recover his attorney's travel expenses to attend the deposition.

4. **Duplication**

CRL objects to Fletcher's request for reimbursement of the expense incurred in reproducing trial exhibits distributed to each juror at trial in three-ring binders, on the

ground that Fletcher has failed to provide details regarding the per-page rate charged, the number of pages copied, and the type of reproduction. Section 1920(4) authorizes the taxing of costs for copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

A prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). The Court finds that Fletcher has adequately shown that the reproduction costs he seeks to recover were incurred for the trial exhibit books and thus were "necessarily obtained." Based on the Court's review of one of the exhibit books, a reasonable inference may be drawn that the per-page rate implicit in the request is reasonable. The Court awards the full $640.17 requested.

**5.     Uncontested costs**

CRL has not objected to Fletcher's request to recover the $250 filing fee, $23.40 for service of process, $20 for obtaining a report from the Boone County Sheriff, $240.47 for obtaining medical records, and $105 for service of subpoenas on three witnesses. The Court therefore taxes these costs.

**Conclusion**

For the reasons stated above, the Court taxes costs in favor of plaintiff in the amount of $11,713.85**.**

                                                                         _____
                                                                         MATTHEW F. KENNELLY
                                                                         United States District Judge

Date:    December 20, 2007